**Stanley Ray FLETCHER, Plaintiff-Appellant,**

v.

**McCREARY TIRE AND RUBBER COMPANY, Defendant-Appellee.**

No. 85–4149
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1985.

Cupit & Maxey, Danny E. Cupit, Jackson, Miss., for plaintiff-appellant.

Watkins & Eager, Michael W. Ulmer, Jackson, Miss., for defendant-appellee.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Stanley Ray Fletcher contends that the trial court erred in requiring Fletcher to try this action before a jury composed of only eleven members. The presiding magistrate[1] denied Fletcher's motion for a new trial after the eleven-member jury returned an unanimous verdict for the defendant McCreary Tire and Rubber Company ("McCreary"). This Court holds that the trial court did not err in proceeding to trial before an eleven-member jury. The judgment of the trial court is affirmed.

## I.  BACKGROUND

Fletcher was injured on April 12, 1982, when a tire allegedly manufactured by McCreary exploded. For the damages allegedly resulting from the tire's explosion, Fletcher filed this diversity action against McCreary on April 29, 1983, in the United States District Court for the Southern District of Mississippi. This case was tried before a magistrate by consent.

For purposes of this appeal, the crucial facts relate to the selection and seating of the jury. During voir dire conducted on October 25, 1984, the parties agreed to twelve jurors. The parties also agreed to waive the selection of any alternate jurors. However, on November 6, 1984, the day before the trial commenced, the presiding magistrate excused one of the jurors for good cause leaving only eleven of the originally selected jurors. After learning that the magistrate had excused one juror, Fletcher moved for a mistrial or a continuance until the absent juror could return or be replaced. The magistrate denied Fletcher's motion stating that the practice in the Southern District of Mississippi was to either secure an agreement that the parties would abide by an unanimous verdict of the remaining jurors or to select an alternate juror.[2] The magistrate added:

> That's the purpose of asking whether or not you will waive an alternate juror. It is implicit in the waiving of an alternate juror that you do agree to abide by the unanimous verdict of the remaining jurors; otherwise, we would select an alternate juror.

Record Vol. III at 5–6. Alternatively, the magistrate offered to bring in a new panel

---

1. This case was tried by consent before a United States Magistrate.

2. The record is unclear as to whether the magistrate presiding over voir dire specifically informed Fletcher's counsel that in waiving selection of an alternate juror, each side agreed to abide by the unanimous verdict of those jurors remaining at trial. The record of voir dire reflects no such specific instructions to Fletcher's counsel at the time of waiver. Record Vol. II at 2. However, in ruling on Fletcher's motion for a mistrial or continuance, the magistrate indicated that the parties are always asked when waiving alternate jurors if they agree to abide by the verdict of the remaining jurors. Record Vol. III at 5.

on the following day so a twelve-member jury could be selected, but Fletcher objected because "the notice was too short." Record Vol. III at 6.

The case was tried with the eleven remaining jurors returning an unanimous verdict for McCreary on November 8, 1984. Fletcher filed a motion for a new trial on November 16, 1984, alleging that the magistrate violated the federal constitution, laws, and rules in not granting to Fletcher a mistrial or a continuance so that this case could be tried by a jury composed of twelve persons; the magistrate overruled such motion. Timely notice of appeal brings this case to this Court. On appeal, Fletcher argues that the magistrate erred in failing to provide a twelve-member jury.

## II. DISCUSSION

■ The right to a jury trial in federal diversity cases is determined by federal law. *Simler v. Conner,* 372 U.S. 221, 83 S.Ct. 609, 9 L.Ed.2d 691 (1963). Moreover, the number of jurors, as distinct from the right to a jury, is not an integral part of the state-created rights at issue in a diversity case, and state law does not control. *Wilson v. Nooter Corp.,* 475 F.2d 497, 503–04 (1st Cir.), *cert. denied,* 414 U.S. 865, 94 S.Ct. 116, 38 L.Ed.2d 85 (1973).

[3] Under federal law, neither the Seventh Amendment nor the Federal Rules of Civil Procedure mandate twelve-member juries in civil cases. In *Colgrove v. Battin,* 413 U.S. 149, 93 S.Ct. 2448, 37 L.Ed.2d 522 (1973), the Supreme Court sustained a local rule of the Montana district courts providing that a jury for the trial of civil cases should consist of six persons. The Supreme Court concluded that "it cannot be said that 12 members is a substantive

aspect of the right of trial by jury" as guaranteed by the Seventh Amendment. *Id.* at 158, 93 S.Ct. at 2453. Similarly, the Federal Rules of Civil Procedure do not mandate twelve-member juries. Rule 48 provides that:

The parties may stipulate that the jury shall consist of any number less than twelve or that a verdict or a finding of a stated majority of the jurors shall be taken as the verdict or finding of the jury.

Fletcher argues that Rule 48 presupposes that in the absence of a stipulation a civil jury will consist of twelve members. However, as this Court has previously stated, "Rule 48 does not, on its face, guarantee a twelve-member jury, and we cannot imply such a guarantee in the rule."[3] *Cooley v. Strickland Transportation Co.,* 459 F.2d 779, 784 (5th Cir.), *cert. denied,* 413 U.S. 923, 93 S.Ct. 3069, 37 L.Ed.2d 1045 (1972).

■ The only remaining federal source for Fletcher's asserted entitlement to a twelve-member jury is the local rules and practices of the United States District Court for the Southern District of Mississippi. Fed.R.Civ.P. 83 permits district courts to regulate their practice in any manner not inconsistent with the Federal Rules in all situations not regulated by the Federal Rules. The Southern District of Mississippi has informally followed the practice of impanelling twelve-member juries in civil cases. However, the Southern District of Mississippi also informally limits that practice in cases where the parties by agreement waive selection of an alternate juror. In such cases, the parties consent to abide by the unanimous verdict of the remaining jurors. Thus, the same informal practice which entitled Fletcher to twelve

---

**3.** When Rule 48 was drafted, the draftsman apparently assumed that a trial by jury as required by the Seventh Amendment meant a "jury of twelve." Thus, the Rule as drafted assumes that absent a stipulation of the parties, a civil jury will consist of twelve members. *See Colgrove v. Battin,* 413 U.S. 149, 164; 93 S.Ct. 2448, 2456, 37 L.Ed.2d 522 (1973); The Six Man Jury in the Federal Court, 53 F.R.D. 273, 274 n. 1 (1971). However, the Rule does not mandate that "there shall be twelve jurors" as does, for example,

Fed.R.Crim.P. 23(b). Rule 23(b) states in pertinent part:

(b) **Jury of Less than Twelve.** Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12 or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial commences.

jurors also permitted trial by eleven jurors in the instant case because Fletcher waived selection of an alternate juror.

Moreover, Fletcher waived any right to trial by twelve jurors by refusing the trial court's offer to select a new panel of twelve jurors. Since the right to a jury trial itself can be waived in civil cases, *see, e.g., Country (Social) Club of Savannah, Inc. v. Sutherland,* 411 F.2d 599, 600 (5th Cir.1969), the right to the full number of jurors provided by local rules or practice can also be waived. That selection on the day following the trial court's offer would have been inconvenient to Fletcher's counsel did not render the waiver involuntary. Given the choice between proceeding with eleven jurors or selecting a new panel of twelve jurors on the following day, Fletcher knowingly elected to proceed with eleven jurors. Fletcher cannot now claim that the magistrate erred by proceeding to trial with eleven jurors.[4]

### III. CONCLUSION

The trial court did not err in trying this action before an eleven-member jury. The judgment of the trial court is

AFFIRMED.

---

**4.** Because this Court holds that Fletcher waived any entitlement to a twelve-member jury, this Court need not consider whether Fletcher stipulated under Rule 48 to trial by fewer than twelve jurors.