## WOOL v. REAL ESTATE EXCHANGE.
### No. 10000.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 18, 1949.

Decided Dec. 19, 1949.

Mr. Herman Miller, Washington, D. C., for appellant.

Mr. Mark P. Friedlander, Washington, D. C., for appellee. Mr. Leroy A. Brill, Washington, D. C., also entered an appearance for appellee.

Before CLARK, PRETTYMAN and WASHINGTON, Circuit Judges.

## PER CURIAM.

The plaintiff was the prospective purchaser in a real estate transaction which was never completed, and his complaint prayed for recovery of the deposit made. The principal issues were whether there had been a definite date of settlement agreed upon, and if so, whether the purchaser was entitled to rescission by reason of the seller's inability to comply with the terms of the contract by that date. We believe that the evidence sustains the finding of the trial court that such a date had been established, that time was of the essence, and

that under the circumstances presented the purchaser was entitled to recover the deposit.

The other substantial question raised was whether the trial court acted properly in dismissing the jury after some of the evidence was in, then proceeding to decide the case himself as an equity judge, on the ground that the case was one in equity for rescission rather than at law to recover money had and received.

The record appears to us to establish the acquiescence of counsel for the seller-defendant in this action of the trial court. Thus, whatever right to jury trial there may have been was waived, and we do not reach the question whether such a trial should have been had in this case. See Kearney v. Case, 1870, 12 Wall. 275, 281–282, 20 L.Ed. 395; Maytag Co. v. Meadows Mfg. Co., 7 Cir., 1930, 45 F.2d 299, 301, certiorari denied, 283 U.S. 843, 51 S.Ct. 489, 75 L.Ed. 1452; Atlas Life Insurance Co. v. W. I. Southern, Inc., 1939, 306 U.S. 563, 568, 59 S.Ct. 657, 83 L.Ed. 987, and cases cited; National Bank of Commerce v. Equitable Trust Co. of New York, 8 Cir., 1915, 227 F. 526, 533.

On examination of the record, we find no reversible error.

Affirmed.