**The COUNTRY (SOCIAL) CLUB OF SA-
VANNAH, INC., (formerly known as
German Country Club), Plaintiff-Appel-
lee,**

v.

**S. J. SUTHERLAND and Paul L. Suther-
land, Individually and as a Partnership,
d/b/a S. J. Sutherland & Son, Defend-
ant-Appellants.**

**No. 26647
Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

May 20, 1969.

Rehearing Denied June 16, 1969.

John M. Brennen, Savannah, Ga., for appellants.

Frank O. Downing, James Edward McAleer, Jr., Savannah, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

S. J. Sutherland & Son, the appellant, contracted to make certain repairs to the swimming pool of the Country Club of Savannah. While the pool was drained in order for these repairs to be made, underground water pressure pushed the pool out of the ground, causing the pool's sides and bottom to crack. The pool would not have "floated" and cracked if one of its water pressure release pipes had not been capped. The issue in the court below was whether or not the contractor was liable for failing to leave the pressure release pipe uncapped. The district court, as trier of fact, found that the contractor was liable and awarded damages to the club in the amount of $7,132. After carefully examining the record, we have concluded that the evidence shows that the district court's finding of fact was not clearly erroneous.[1] Fed.R.Civ.P. 52(a). The damage award was likewise proper. Georgia Railroad & Banking Co. v. Flynt, 1956, 93 Ga.App. 514, 92 S.E.2d 330, 338.

We also find no merit in the appellant's argument that the district court erred in not submitting the case to a jury. The record reflects that both parties in open court expressly and unequivocally agreed to waive their rights to a jury trial and to try the case before the court. This waiver was effective and binding. See Wool v. Real Estate Exchange, 1949, 86 U.S.App.D.C. 46, 179 F.2d 62; Smith v. Cushman Motor Works, 8 Cir. 1950, 178 F.2d 953.

Affirmed.

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I.