bankruptcy court should engage in additional fact-finding.

REVERSED AND REMANDED.

Edward Allen WHITE,
Plaintiff/Appellant,

v.

Wayne McGINNIS, Defendant/Appellee.

No. 86–2208.

United States Court of Appeals,
Ninth Circuit.

Argued En Banc and Submitted
Oct. 12, 1989.

Decided May 16, 1990.

---

John R. Hannah, Meyer, Hendricks, Victor, Osborn & Maledon, Phoenix, Ariz., for plaintiff/appellant.

Thomas J. Dennis, Asst. Atty. Gen., Phoenix, Ariz., for defendant/appellee.

Before GOODWIN, Chief Judge, BROWNING, WALLACE, HUG, SCHROEDER, FLETCHER, ALARCON, HALL, BRUNETTI, KOZINSKI, and FERNANDEZ, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

This is a section 1983 action involving the interpretation of Rules 38(d) and 39(a) of the Federal Rules of Civil Procedure. We took this case en banc to reconsider this circuit's literal approach to those rules in *Palmer v. United States*, 652 F.2d 893 (9th Cir.1981). We now overrule *Palmer* and hold that knowing participation in a bench trial without objection constitutes waiver of a timely jury demand.

## I

On June 11, 1984, appellant Edward Allen White, an Arizona State Prison inmate, filed a complaint under 42 U.S.C. § 1983, alleging that appellee Wayne McGinnis, an Arizona State Department of Corrections employee, violated his eighth amendment rights by assaulting him during a cellblock search in April, 1984.[1] Appellant made a timely jury trial demand, but the court notified the parties on August 6, 1985, that the case was set for a bench trial on January 21, 1986.[2] Appellant never brought his prior jury demand to the district court's attention during the five and one-half month period between the bench trial notice and the trial. The two-day trial began on January 22, 1986, and the court, sitting without a jury, entered judgment for appellee on January 27, 1986. Appellant sat through the entire bench trial and never once objected to the absence of a jury while his counsel vigorously argued his case to the judge. Nor did appellant notify the court of its mistake before it entered judgment against him. Nor did he file a motion for a new trial after judgment. Nonetheless, appellant asks us to reverse the district court's judgment in appellee's favor and remand for a jury trial.[3]

Appellant argues that this court's decision in *Palmer v. United States*, 652 F.2d 893 (1981) compels reversal of the district judge's determination and remand for a jury trial.[4] For the reasons set forth below, we overrule *Palmer* and affirm.

---

1. Appellant initially proceeded *pro se*, but retained private counsel who entered an appearance on August 30, 1985.

2. Appellee does not dispute that White was entitled to a jury trial on his claims.

3. Appellant also argues that he was provided with ineffective assistance of counsel, but a plaintiff in a section 1983 action alleging excessive use of force has no right to effective assistance of counsel. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir.1985) (per curiam).

4. McGinnis complains that White raised this issue for the first time on appeal. Ordinarily we will not entertain an issue not raised before the district court. *Westinghouse Electric Corp. v. Weigel*, 426 F.2d 1356, 1357 (9th Cir.1970). However, there are several narrow exceptions to this rule under which we have discretion to hear a new issue. *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir.1985). "We may consider an issue conceded or neglected below if the issue is purely one of law and the pertinent record has been fully developed." *United States v. Gabriel*, 625 F.2d 830, 832 (9th Cir.1980). As in *Gabriel*, we conclude that the issue is purely legal and the facts are fully developed and indeed undisputed. Accordingly, we have discretion to consider this appeal if we choose to do so. In this appeal, we exercise that discretion.

## II

### A

The plaintiff in *Palmer* brought suit against the government pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1976). The government impleaded Donald Fisher as a third-party defendant, alleging that Fisher contributed to plaintiff's injuries. Both the plaintiff and Fisher made timely jury trial demands, but the court's July 17, 1978, pretrial conference order failed to set the case for a jury trial. A bench trial began on November 29, 1978, and the court subsequently entered judgment in plaintiff's favor, finding Fisher responsible for 70% of the plaintiff's damages. Fisher failed to object at any time in the trial court to a bench trial. The court entered judgment in the government's favor on its indemnity action against Fisher, who appealed.

In *Palmer* this court held that the district court erred by denying Fisher a jury trial on the government's claim. After concluding that the government's claim against Fisher warranted a jury trial and that Fisher's jury demand was timely made, we observed that the record was completely silent on the issue of a jury trial and consequently held that "a party's acquiescence to the district court's maintenance of a bench trial, without more, is insufficient to establish a withdrawal of a jury demand." 652 F.2d at 896. We noted that the "precise terms" of Federal Rules of Civil Procedure 38(d) and 39(a) require an oral or written stipulation by the parties withdrawing the jury trial demand. *Id.*[5]

Nonetheless, we stopped short of holding that a formal stipulation was the exclusive mechanism for the parties to waive a prior jury trial demand. We concluded that "[c]onduct of the parties that evinces consent and appears on the record is sufficient to constitute a proper withdrawal and waiver." *Id.* Because the record in that case was completely silent on the matter, this court found no waiver.

### B

Subsequent decisions in this circuit have studiously avoided *Palmer's* literal approach. In *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292 (9th Cir.), *cert. denied*, 464 U.S. 916, 104 S.Ct. 279, 78 L.Ed.2d 259 (1983), we expressly rejected a formalistic[6] interpretation of the rules. The appellant, one of two defendants, had repeatedly attempted to defeat the plaintiff's jury request in the district court. After the request for jury trial was granted, the plaintiff waived its jury demand in hopes of obtaining an earlier trial date. The other defendant consented to the waiver; the appellant did not consent, and demanded a jury trial. The district court granted plaintiff's motion to strike appellant's demand. *Id.* at 1304.

The appellant argued on appeal that its refusal to provide the consent required by Rule 39(a) entitled it to a jury trial under Rule 38(d). We declined to apply Rule 38(d) "in such a formalistic manner," noting that given the conduct of the appellant, "a literal reading of Rule 38(d) would act as an instrument of delay and frustrate the purposes of the Federal Rules of Civil Procedure." *Id.* at 1305. This court emphasized the guilding role of Rule 1, which states that the Federal Rules of Civil Procedure should " 'be construed to secure the just, speedy, and inexpensive determination of every action.' " *Id.* (quoting Rule 1).

---

**5.** Rule 38(d) states that "[a] demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."

Rule 39(a) provides in relevant part:

When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury....

**6.** In using this term, we recognize that there is "scant agreement on what it is for decisions in law ... to be formalistic, except that whatever formalism is, it is not good." Schauer, *Formalism*, 97 Yale L.J. 509, 509–10 (1988) (footnote omitted). We use it here to denote reliance on a rule's canonical language to the exclusion of all else. The negative connotation is unfortunate.

This approach contrasts sharply with that in *Palmer*, which rigidly relied upon the "precise terms of [Rules] 38(d) and 39(a)." 652 F.2d at 896.

More recently, in *Pope v. Savings Bank of Puget Sound*, 850 F.2d 1345 (9th Cir. 1988), we distinguished the *Palmer* decision on the basis that the appellant's conduct in that case evinced "much more than silence." *Id.* at 1355. But in a sharp break with *Palmer*'s emphasis on literal compliance with Rule 39(a), in *Pope* we failed even to discuss the necessity of a stipulation withdrawing a jury demand, and instead cited *Palmer* solely for the proposition that conduct can evince consent to withdrawal and waiver. *Id.* The begrudging admission in *Palmer* that in limited circumstances a formal stipulation was unnecessary thus became *Palmer*'s central teaching in *Pope*.

The appellant in *Pope* had informed the court below that he had rested "the first part of the case and not the part of the case which is to be tried to the Court on the foreclosure action." *Id.* at 1354 (footnote omitted). Soon thereafter, the trial judge informed counsel that he would discharge the jury before lunch, and did so. After the lunch recess, the appellant informed the trial court that the jury had been improperly discharged, and requested that it be reconvened. The trial judge refused, and we affirmed on appeal.

In *Pope* this court correctly found that the appellant's statement prompted the tri-al court to discharge the jury. This circumstance no doubt provides a factual distinction with the *Palmer* case. But in *Pope* this court admitted that the appellant's conduct was not much more than mere acquiescence: "[T]he totality of the circumstances here manifests that the attorney *slept on his client's rights.*" *Id.* at 1355 n. 29 (emphasis added). Indeed our analysis turned on the appellant's "apparent agreement" with the trial court's announcement, *id.* at 1355, a virtual synonym for "mere acquiescence."

Our obvious discomfiture in the *Reid* and *Pope* decisions with the *Palmer* decision's rationale and holding is mirrored in other circuits, which have flatly rejected the formalistic approach *Palmer* embraced. *See Royal American Mgrs., Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989); *Lovelace v. Dall*, 820 F.2d 223, 227–29 (7th Cir.1987) (per curiam); *United States v. 1966 Beechcraft Aircraft Model King Air*, 777 F.2d 947, 950–51 (4th Cir. 1985); *Allen v. Barnes Hosp.*, 721 F.2d 643, 644 (8th Cir.1983); *Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 643–45 (5th Cir.1976); *Wool v. Real Estate Exch.*, 179 F.2d 62, 63 (D.C.Cir.1949) (per curiam).[7] *See generally* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2321, at 102 (1971) (parties may waive right to jury trial by conduct or agreement); 5 J. Moore, J.D. Lucas & J. Wicker, Moore's Federal Practice ¶ 39.03, at 39–9 (waiver may be

---

**7.** Although the Sixth Circuit has not faced this issue directly, it has taken a similar stance in *Sewell v. Jefferson County Fiscal Court*, 863 F.2d 461 (6th Cir.1988), *cert. denied,* — U.S. —, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989). Sewell properly indorsed a request for jury trial on her complaint alleging race and sex discrimination. After the initial pretrial conference on July 5, 1986, the district court entered an order scheduling the case for a September 23, 1986 jury trial on all but Sewell's Title VII claims. At the final pretrial conference on September 15, 1986, Sewell's counsel requested a continuance of the jury trial date. Granting the continuance on September 17, 1986, the trial court removed the case from the jury docket and scheduled it for a bench trial on January 22, 1987. Sewell's counsel did not object to this order. *Id.* at 463.

On the day of the trial, Sewell's counsel asked the court to summon the jury. After referring to the September 17, 1986 pretrial order setting the case for bench trial, the court ruled that plaintiff had waived her right to a jury by failing to timely object to the court's order, and proceeded to try all of Sewell's claims. *Id.*

Fully aware that the letter of Federal Rule of Civil Procedure 39(a) had not been followed, the Court of Appeals for the Sixth Circuit affirmed. It relied upon the Seventh Circuit for the proposition that "[t]he requirements of Rule 39(a) have 'been interpreted broadly so as to encompass orders entered by the court and not objected to.'" 863 F.2d at 464 (quoting *Lovelace v. Dall*, 820 F.2d 223, 227 (7th Cir.1987)). The Sixth Circuit found that the trial court's order setting the case for a bench trial "constituted a 'sufficient entry in the record to satisfy the requirements of Fed.R.Civ.P. 39(a).'" *Id.* at 465 (quoting *Fields Eng'g & Equip. Co. v. Cargill, Inc.*, 651 F.2d 589, 592 (8th Cir.1981)).

inferred from conduct of parties or their counsel).

Significantly, while *Reid* and *Pope* distanced themselves from *Palmer*, decisions in the Fourth and Second Circuits weakened its foundation. Specifically, all three decisions on which the *Palmer* majority relied for its rigid reading of Rule 39(a), *see id.* at 896 (citing *Millner v. Norfolk & Western Railway Co.*, 643 F.2d 1005, 1011 & n. 1 (4th Cir.1981); *Rosen v. Dick*, 639 F.2d 82, 90 (2d Cir 1980); *DeGioia v. United States Lines Co.*, 304 F.2d 421, 424 n. 1 (2d Cir.1962)), have been narrowly circumscribed within their own circuits. *See 1966 Beechcraft*, 777 F.2d at 951 (limiting *Millner* to cases in which litigants lack notice that court is deciding dispositive issues of fact); *Royal American Mgrs.*, 885 F.2d at 1018–19 (distinguishing *DeGioia* as case tried before jury).[8]

## III

Finding *Palmer* thus weakened and isolated, we hold that it is no longer the law of this circuit. We join our sister circuits today by holding that knowing participation in a bench trial without objection is sufficient to constitute a jury waiver.

Rule 39(a) is designed to protect against some careless statement or ambiguous document being held to be a waiver when one was not intended. Where the parties have clearly consented to a bench trial, we have previously followed the general trend not to upset an otherwise valid bench trial simply because the letter of Rule 39(a) has not been followed. *See Pope*, 850 F.2d at 1355; *United States v. Missouri River Breaks Hunt Club*, 641 F.2d 689, 693 (9th Cir.1981) (judge's oral statement that parties had waived jury trial deemed sufficient compliance with Rule 39(a)); *see generally Sewell*, 863 F.2d at 461 (pretrial order not objected to deemed sufficient compliance with Rule 39(a)); *Lovelace*, 820 F.2d at 227 (citing cases).[9]

The case before us calls for a similar result. A party's vigorous participation in a bench trial, without so much as a mention of a jury, cannot be presumed the result of mere inadvertence, but can only be ascribed to knowledgeable relinquishment of the prior jury demand. This is especially so where, as here, "the [objecting] party was 'on notice that the trial court was planning to adjudicate the dispositive issues of fact.'" *Royal American Managers*, 885 F.2d at 1018 (quoting *1966 Beechcraft*, 777 F.2d at 951).[10] Under these circumstances, "court judgments should have meaning and effect instead of being a futile exercise that one of the parties will be able to overturn no matter what the result." *Lovelace*, 820 F.2d at 228. The appellant chose to argue his case fully before the district judge; it is not unjust to hold him to that commitment.

---

**8.** *Royal American* appears to have overruled *Rosen v. Dick*'s interpretation of Rules 38(d) and 39(a) sub silentio. *Compare Royal American*, 885 F.2d at 1018, *with Rosen v. Dick*, 639 F.2d at 90 & n. 11.

**9.** In *Zidell Explorations, Inc. v. Conval Int'l, Ltd.*, 719 F.2d 1465, 1469 (9th Cir.1983), we held that equivocal remarks will not suffice to waive the right to trial by jury. During the course of a jury trial, the district court instructed counsel that it would rule on a particular issue, not the jury. Counsel responded that "if that be the case, that's fine." *Id.* On appeal, we found that counsel's response could be interpreted as either a waiver of a jury determination of the issue or acceptance of the court's ruling that the issue was not for the jury. We resolved this ambiguity against inferring a waiver.

The instant case does not implicate the concerns of Rule 39(a) expressed in *Zidell*, for the appellant here could not have reasonably under-

stood the notice setting the case for a bench trial as a ruling that a jury trial was unwarranted. Appellant does not contend that he understood the trial notice to be "the trial judge's directive," *see id.*, on the appropriateness of a jury trial.

**10.** The record here reveals that the court clerk announced at the start of the trial that the case was set for non-jury trial. Reporter's Transcript at 3. Neither party requested a jury or submitted proposed jury instructions. Instead, both parties urged in their closing arguments that the trial judge make the necessary factual determinations. *Id.* at 195, 203–05.

We are of course, mindful of our obligation to indulge every reasonable presumption against the waiver of the jury right, *see Pradier v. Elespuru*, 641 F.2d 808, 811 (9th Cir.1981). However, we find it unreasonable to presume that litigants vigorously participating in a two-day bench trial have done so unwittingly.

## IV

For these reasons, the judgment of the district court is AFFIRMED.

ALARCON, Circuit Judge, concurring in the judgment:

I concur in the conclusion reached by the majority insofar as it affirms the judgment of the district court in favor of the defendant. I write separately because, unlike my colleagues, I would not reach the merits of this appeal.

Appellant did not object to a bench trial in the district court. A majority of the active judges of this court voted to take this case en banc to determine whether the opinion in *Palmer v. United States*, 652 F.2d 893 (9th Cir.1981), was correctly decided. In *Palmer*, the majority reversed the judgment on the ground that the plaintiff was denied his right to a trial by jury notwithstanding the fact that he did not object to a bench trial. *Id.* at 896.

In his dissent in *Palmer*, Judge Chambers concluded that the question whether the appellant was entitled to a trial by jury need not be considered because Fisher had participated in a non-jury trial without objection. *Palmer*, 652 F.2d at 897 (Chambers, J., dissenting). Judge Chambers reasoned that permitting a party to raise this issue for the first time on appeal would "ambush [the] trial judge." *Id.* I would overrule *Palmer* and adopt Judge Chambers' analysis concerning the effect of the failure to preserve an issue for appeal without deciding whether participation in a bench trial without objection constitutes waiver of a timely jury demand.

In a well-reasoned opinion, the Seventh Circuit in *Lovelace v. Dall*, 820 F.2d 223 (7th Cir.1987) (per curiam), determined that strong policies militate against permitting a party in a civil proceeding to raise the question whether he was entitled to a trial by jury for the first time on appeal. *Id.* at 228. The court explained that "it is unfair to permit a party to have a trial, discover it has lost, and then raise the jury issue because it is unsatisfied with the result of the trial." *Id.*

The majority has cited several cases from other circuits that have determined that a jury demand under Rule 39(a) can be waived by mere acquiescence in a bench trial. None of the cases cited by the majority, except *Lovelace v. Dall*, discuss the question whether this issue may be raised for the first time on appeal under applicable circuit law. As discussed above, in *Lovelace* one of the bases for affirming the judgment was that no objection had been made in the trial court. 820 F.2d at 228. Indeed, three of the four cases decided after *Palmer* that are included in the majority's string citation rely upon or quote Judge Chambers' "ambush" theory. *Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir.1989); *Lovelace v. Dall*, 820 F.2d at 228; *United States v. 1966 Beechcraft Aircraft Model King Air*, 777 F.2d 947, 951 (4th Cir.1985).

Long ago, we adopted the rule in this circuit that an issue may not be raised for the first time on appeal. In *Westinghouse Elec. Corp. v. Weigel*, 426 F.2d 1356 (9th Cir.1970) (per curiam), we articulated this principle in the following passage: "The rule generally applied on appeal is that an assertion of error below will not be entertained where the issue was not raised in the lower court and the error, assuming it occurred, might have been avoided if the issue had been raised. The importance of the rule to the practical administration of the judicial system is obvious, and we adhere to it here." *Id.* at 1357.

As noted by the majority, the failure of the district court to honor White's request for a jury trial was obvious to the appellant and his lawyer throughout the two-day trial of this matter. At no time, however, did White bring his prior jury demand to the attention of the trial judge. Thus, the trial judge was not given the opportunity to correct an error known to the appellant. "A party will not be allowed to speculate with the court by letting error go unremarked and then seek a new trial on the basis of the error if the outcome of the case is unfavorable to him." 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2472, at 455 (1971).

We pointed out the sound reasons that bar "sandbagging" trial judges over 27 years ago: "It is sound policy to require that all claims be presented to the trial court, and not raised for the first time on appeal.... This requirement sets the scope of the lawsuit, thereby preventing piecemeal litigation and consequent waste of the time of both trial and appellate courts. It assures that the opposing party will know the claims he must meet. It gives the appellate court the benefit of the district court's wisdom, and *it prevents a litigant from asserting before this Court a claim which he deliberately chose, for reasons of strategy, not to assert below.*" *Partenweederei, MS Belgrano v. Weigel,* 313 F.2d 423, 425 (9th Cir.1962) (per curiam) (emphasis added).

The majority has rejected appellee's argument that, under the law of this circuit, an issue may not be raised for the first time on appeal in a footnote of its opinion. Majority Opinion at 700 n. 4. The majority has referred us to *United States v. Gabriel,* 625 F.2d 830 (9th Cir.1980), to support its determination to reach out and decide the merits of the jury trial issue. *Gabriel* concerned a failure to raise a legal issue—whether government stops were fixed checkpoint stops—at trial. We chose to consider the issue because it was purely legal and the record had been fully developed. *Id.* at 832. A failure to raise a legal theory at trial, however, is quite different from a failure to object to an obvious procedural error. *See In re Southland Supply, Inc.,* 657 F.2d 1076, 1079 (9th Cir.1981) (we will not review an objection not raised below to a trial procedure "unless necessary to prevent manifest injustice."). White has not demonstrated, nor does the majority suggest, that manifest injustice will flow from an affirmance because of White's failure to object.

Except for the *Palmer* decision, which the majority has today overruled, my research has not disclosed any case in which this court has permitted an appellant to raise an issue on appeal where he remained silent, and failed to object, after becoming aware that the trial court had inadvertently committed error in the way it conducted the trial. I would not encourage appeals from litigants who deliberately await the outcome of trial before claiming error for the first time in this court.

I recognize that, in this case, appellant's ambush of the trial court has proved unsuccessful. My concern is for the unfortunate precedent the majority has created. I would not permit an appellant to remain silent, in the face of clear error, awaiting the judgment of the court, before raising the issue on appeal. I would not waste precious judicial resources in considering a claim of error that could have been remedied below had appellant not elected to ambush the trial court.

KOZINSKI, Circuit Judge, with whom SCHROEDER and FLETCHER, Circuit Judges, join, dissenting:

*Palmer v. United States,* 652 F.2d 893 (9th Cir.1981), dealt with a litigant who didn't complain when the district court mistakenly ignored his timely jury demand; instead, the litigant participated in the bench trial and complained only when judgment was entered against him. We granted the litigant's request for a new trial, holding that the Federal Rules of Civil Procedure set out the ways one can withdraw a jury demand, and that failing to complain about the court's mistake is not one of them. The majority today overrules *Palmer*'s interpretation of the Federal Rules as "rigid" and "formalistic," as if to suggest that there is some other, more palatable, way to read the Rules. But there is not; the language of the Rules is susceptible to only one reading. Consequently, to reach the result it deems desirable, the majority follows the lead of our sister circuits by engrafting a judicially-created exception onto the statutory language. Because I would reaffirm *Palmer* as the straightforward application of a clear rule, I dissent.

## DISCUSSION

As the Supreme Court has often noted, the process of statutory interpretation starts with the language of the statute. *Hallstrom v. Tillamook County,* — U.S.

——, 110 S.Ct. 304, 308, 107 L.Ed.2d 237 (1989). *See also Bethesda Hosp. Ass'n v. Bowen*, 485 U.S. 399, 108 S.Ct. 1255, 1258, 99 L.Ed.2d 460 (1988). Here, the relevant statutory provisions are Federal Rules of Civil Procedure 38(d) and 39(a).[1] The language of these rules is clear and unambiguous. Rule 38(d) provides that a timely jury demand "may not be withdrawn without the consent of the parties." Rule 39(a) specifies how this consent may be expressed, providing just two methods: (1) "by written stipulation," and (2) "by an oral stipulation made in open court and entered in the record." Here, there was neither a written nor an oral stipulation consenting to a bench trial, much less one entered in the record. Accordingly, under a straightforward application of the Federal Rules of Civil Procedure, White's request for a jury was never withdrawn and the district court's failure to set the case for jury trial was error. This is precisely the rationale we adopted the last time we addressed this question in *Palmer*. *See* 652 F.2d at 896.

I am not unmindful that the result we reached in *Palmer* appears to be a triumph of form over substance: the parties and the judicial system have suffered the burden and expense of a trial, witnesses have been inconvenienced, a judgment has been rendered. To reverse that judgment against a plaintiff who sat mute during the proceedings and raised his objection only after the outcome proved unsatisfactory to him, seems to offend basic notions of efficiency and fair play. But we may not focus our sights so narrowly. As the Supreme Court reiterated only this Term, " '[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.' " *Hallstrom*, 110 S.Ct. at 311 (quoting *Mohasco Corp. v. Silver*, 447

U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)). *See also Guidry v. Sheet Metal Workers Nat'l Pension Fund*, —— U.S. ——, 110 S.Ct. 680, 687, 107 L.Ed.2d 782 (1990) ("[C]ourts should be loath to announce equitable exceptions to legislative requirements or prohibitions that are unqualified by the statutory text.").

In *Hallstrom*, the Supreme Court rejected arguments, like those adopted by the majority in this case, that an unambiguous rule "should be given a flexible or pragmatic construction," 110 S.Ct. at 309, and that a literal application of the rule would "unnecessarily waste judicial resources" by rendering meaningless years of litigation. *Id.* at 312. As the Supreme Court recognized in *Hallstrom*, greater unfairness may be visited upon a far larger number of litigants when rules of procedure are given a creative interpretation in response to the apparent exigencies of a particular case.

This danger is particularly acute where, as here, the rule in question is designed to safeguard the right to trial by jury, one of the few constitutional rights pertaining to the conduct of civil trials. Rule 38(a) expressly declares that "the right of trial by jury as declared by the Seventh Amendment to the Constitution ... shall be preserved to the parties inviolate." The formalities embodied in Rules 38(d) and 39(a) were no doubt designed to preclude the inadvertent forfeiture of that right. By weakening the protections built into those rules, the court weakens the constitutional right itself.

At the heart of the court's analysis is the notion that to allow White to relitigate his case before a jury would work an injustice. I am not convinced; as I see it, the injustice lies in the court's decision today, a decision that denies plaintiff the benefit of a precedent he was entitled to rely on. *Palmer*, decided nine years ago, established the law of the circuit long before this case was filed. White, acting pro se, discharged ful-

---

1. The Federal Rules are promulgated by the Supreme Court pursuant to the Rules Enabling Act. Accordingly, we are obliged to treat them as we would statutes, and lack the power to modify them by judicial interpretation. *See Harris v. Nelson*, 394 U.S. 286, 298, 89 S.Ct. 1082, 1090, 22 L.Ed.2d 281 (1969).

ly his responsibility under the Federal Rules of Civil Procedure and the law of this circuit in securing his right to a jury. Defendant, at all times represented by counsel, was on notice of plaintiff's request for a jury trial; elementary research would have disclosed that White's seventh amendment right was not waivable by acquiescence or mute assent. Defendant, no less than plaintiff, could have brought this to the attention of the district court and objected to the conduct of a bench trial. He did not. While I assume this was the result of inadvertence rather than calculation, it is nonetheless hard to conclude—as the majority and concurrence do—that the fault was entirely plaintiff's and that he should therefore pay for the district court's error by forfeiting his constitutional right to trial by jury.[2]

I acknowledge that by reaffirming *Palmer*, we would remain alone among the federal circuits in adhering to the literal language of Rules 38(d) and 39(a).[3] While we should not lightly part company with our sister circuits, we would have good reason for doing so in this case. In the first place, we would be right. *Palmer* is not only consistent with pronouncements of the Supreme Court, such as *Hallstrom* and *Guidry*, but with our own tradition of strict and literal compliance with rules and statutes. *See, e.g., Purba v. INS*, 884 F.2d 516, 517–18 (9th Cir.1989) (under plain meaning of 8 U.S.C. § 1252(b), requirement that deportation hearings be "before" an immigration judge is not satisfied by telephonic hearings "[u]ntil Congress chooses to change the wording of the statute");

*United States v. Buzard*, 884 F.2d 475, 475–76 (9th Cir.1989) (courts lack authority to extend time for filing notice of appeal under Fed.R.App.P. 4(b) despite excusable neglect because Fed.R.Crim.P. 49(c) expressly states that clerk's failure to notify party of entry of judgment is not an excuse); *United States v. Eccles*, 850 F.2d 1357, 1359–60, 1362 (9th Cir.1988) (government will not be permitted to pursue interlocutory appeal of suppression ruling unless certificate required by 18 U.S.C. § 3731 is filed on time; even where government is permitted to pursue interlocutory appeal, bright-line rule prohibits defendant's interlocutory cross-appeal, despite concerns of judicial efficiency); *United States v. Avendano–Camacho*, 786 F.2d 1392, 1394 (9th Cir.1986) (Fed.R.App.P. 4(b)'s deadlines for filing notice of appeal are mandatory and court will not create exception for cases of attorney neglect); *International Ass'n of Ironworkers' Local Union 75 v. Madison Indus.*, 733 F.2d 656, 658–59 (9th Cir.1984) (adopting bright-line rule that 28 U.S.C. § 1291 requires notice of appeal to be filed within 30 days of judgment on merits even though attorneys' fees issues remain unresolved); *United States v. Armored Transport, Inc.*, 629 F.2d 1313, 1316–17 (9th Cir.1980), *cert. denied*, 450 U.S. 965, 101 S.Ct. 1481, 67 L.Ed.2d 614 (1981) (construing Fed.R.Crim.P. 6(g) as bright-line rule that grand jury's term begins on impanelment date, regardless of first day of service).

Particularly telling is our most recent en banc decision, *United States v. Fernandez–Angulo*, 897 F.2d 1514 (9th Cir.1990)

---

**2.** Although plaintiff, defendant and the district judge are each charged with knowledge of the Federal Rules, the majority and concurrence place the blame for what transpired entirely on White. *See* Maj. at 700, 703–04; Concur. at 704. The concurrence goes further, referring to "appellant's ambush" and accusing plaintiff of "sandbagging." Concur. at 704, 705. With all respect to my concurring colleague, I suggest that plaintiff is not deserving of such harsh treatment. There has never been a finding that White deliberately forwent an objection in order to ambush the district judge. Most likely, what we have here is an oversight by all concerned. The question is, who should pay for this mutual mistake? I have much difficulty

concluding it should be the party who did exactly what the law required of him.

**3.** *See Royal Amer. Mgrs., Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018–19 (2d Cir.1989); *United States v. 1966 Beechcraft Aircraft Model King Air*, 777 F.2d 947, 950–51 (4th Cir.1985); *Southland Reship, Inc. v. Flegel*, 534 F.2d 639, 643–44 (5th Cir.1976); *Sewell v. Jefferson County Fiscal Court*, 863 F.2d 461, 464–66 (6th Cir. 1988), *cert. denied*, —— U.S. ——, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989); *Lovelace v. Dall*, 820 F.2d 223, 227–29 (7th Cir.1987); *Allen v. Barnes Hosp.*, 721 F.2d 643, 644 (8th Cir.1983); *Wool v. Real Estate Exchange*, 179 F.2d 62, 63 (D.C.Cir. 1949).

(en banc). We held in *Fernandez–Angulo* that, under the plain language of the Rule, a remand for resentencing is required where a district court fails to make the required Fed.R.Crim.P. 32(c)(3)(D) findings. In so doing, we rejected a proposed "practical interpretation" that would have glossed over the clear mandate of the Rule to avoid resentencing. *See id.* at 1518 (Wiggins, J., dissenting). Our reasoning was simple and straightforward: "Strict compliance with the Rule is required." *Id.* at 1516. While noting that other circuits had split on the question, we concluded that "the bright-line rule we adopt imposes no onerous burden on the district courts and is most faithful to the language of the Rule." *Id.*

The majority here takes an approach inconsistent with *Fernandez–Angulo*, raising serious doubts as to the proper method of interpreting and applying federal rules of procedure in this circuit. In *Fernandez–Angulo*, an eleven judge panel held that Rule 32's plain language is binding. Here, a different combination of eleven judges treats the plain language of Rules 38 and 39 as little more than obstacles to be overcome in depriving a section 1983 plaintiff of his constitutional right to a jury trial. While the two cases deal with different rules and different areas of the law, they undeniably give inconsistent signals as to how procedural rules are applied in this circuit.[4] That the signals come from

separate en banc panels is especially regrettable, as the en banc process is meant not merely to decide specific cases but also to offer more general guidance concerning the judicial philosophy that should prevail among the federal courts in this large circuit.

To my mind, it is more important that we act consistent with our own guiding principles than with decisions from our sister circuits. This is particularly true as to procedural rules, where uniformity among the circuits is not essential. Rules pertaining to the conduct of trial can differ somewhat among circuits, even among districts, without visiting unfairness on litigants in either jurisdiction. Indeed, unfairness is more likely to result from the change of settled rules within a jurisdiction. In this regard, I note that this appears to be the first appellate case in our circuit since *Palmer* to have dealt with this precise issue. Given the thousands of cases litigated here every year, the error rate under the current rule seems to be de minimis. Indeed, the problem nationwide seems to be very small, with only 14 appellate decisions having raised this issue in the last 41 years.[5]

Finally, we should take comfort in the fact that, to the extent a nationwide rule is desirable, the Federal Rules of Civil Procedure are continually under review by the Advisory Committee on Civil Rules and the

---

**4.** The similarities between these two cases are more than superficial. In *Fernandez–Angulo,* as here, we considered whether violation of a procedural rule requires redoing the procedure the rule seeks to protect, or whether it suffices to adopt a shortcut that conserves judicial resources. The *Fernandez–Angulo* court ordered a complete resentencing even though there was no indication that the district court's failure to comply with the procedural rule in question was anything more than an oversight, one that the defendant had apparently failed to call to the district court's attention. As best I can tell, the only relevant distinction between these two cases cuts in White's favor: *Fernandez–Angulo* involved a right created entirely by the rules of procedure; at stake here is a right guaranteed by the Constitution.

**5.** *See DeGioia v. United States Lines Co.,* 304 F.2d 421, 424 & n. 1 (2d Cir.1962); *Rosen v. Dick,* 639 F.2d 82, 88–90 (2d Cir.1981); *Royal*

*Amer. Mgrs., Inc. v. IRC Holding Corp.,* 885 F.2d 1011, 1018–19 (2d Cir.1989); *Millner v. Norfolk & Western Railway Co.,* 643 F.2d 1005, 1011 & n. 1 (4th Cir.1981); *United States v. 1966 Beechcraft Aircraft Model King Air,* 777 F.2d 947, 950–51 (4th Cir.1985); *Southland Reship, Inc. v. Flegel,* 534 F.2d 639, 643–44 (5th Cir.1976); *Sewell v. Jefferson County Fiscal Court,* 863 F.2d 461, 464–66 (6th Cir.1988), *cert. denied,* — U.S. ——, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989); *National Family Ins. Co. v. Exchange Nat'l Bank,* 474 F.2d 237, 241 (7th Cir.), *cert. denied,* 414 U.S. 825, 94 S.Ct. 129, 38 L.Ed.2d 59 (1973); *Chapman v. Kleindienst,* 507 F.2d 1246, 1253 (7th Cir.1974); *Lovelace v. Dall,* 820 F.2d 223, 227–29 (7th Cir.1987); *Allen v. Barnes Hosp.,* 721 F.2d 643, 644 (8th Cir.1983); *Smith v. Cushman Motor Works, Inc.,* 178 F.2d 953, 954 (8th Cir.1950); *Palmer v. United States,* 652 F.2d 893, 896 (9th Cir.1981); *Wool v. Real Estate Exchange,* 179 F.2d 62, 63 (D.C.Cir.1949).

Supreme Court. If a literal interpretation of the Rules is perceived as unwise, or if the Advisory Committee believes that it is important to have national uniformity, it can correct the situation by amending the language of the applicable rules. *Palmer*, however, has been the law of this circuit for nine years, and there has been a circuit conflict for that entire time,[6] yet the Committee has not seen fit to act.

## CONCLUSION

My colleagues today exercise the power of an en banc court to take away a section 1983 plaintiff's constitutional right to a jury trial. I find little in the record of this case, or the operation of the existing rule, that justifies this extraordinary display of judicial power. Sometimes the wisest course is to leave well enough alone. Because that is what I would do today by reaffirming *Palmer*, I dissent.

---

**6.** In 1983, on virtually identical facts, the Eighth circuit held that the jury right was waived. *See Allen*, 721 F.2d at 644. However, even before *Palmer* was decided in 1981, there were decisions stating that mere acquiescence sufficed to waive a jury demand. *See, e.g., Chapman*, 507 F.2d at 1253 (creating pro se exception to general rule); *National Family Ins. Co.*, 474 F.2d at 241.