5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re COMMERCIAL ACCEPTANCE CORPORATION, Debtor.
Lydia S. GRAY, aka Lydia Serna; Karren Serna, Plaintiffs-Appellants
v.
David L. RAY, Chapter 11 Trustee Defendant-Appellee
 No. 92-55072.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1993.
Decided Aug. 27, 1993.
 
 Before BROWNING, TANG and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellants Lydia Serna ("Lydia") and Karren Serna ("Karren") appeal the district court's affirmance of the bankruptcy court's order granting summary judgment in favor of Commercial Acceptance Corporation's ("CAC") trustee, David L. Ray ("trustee"). Because Lydia and Karren did not timely oppose the trustee's motion for summary judgment, the bankruptcy court was entitled to "assume that the material facts as claimed and adequately supported by the [trustee] are admitted to exist without controversy." See Local Bankr.R. for the C.D.Cal.R. 111(5). Based on the uncontroverted facts, the bankruptcy court found that CAC operated as a Ponzi scheme and that certain payments made to Lydia and Karren were recoverable in bankruptcy under 11 U.S.C. Sec. 550(a)(1) either as preferential transfers or as fraudulent transfers.[1] We affirm.
 
 I.
 
 3
 Appellants first argue that the bankruptcy court abused its discretion by striking the declarations of their experts and of their attorney which were given in support of Appellants' Rule 56(f) motion. Under Fed.R.Civ.P. 56(e), an adverse party to a motion for summary judgment must allege specific facts supported by affidavit which raise a genuine issue for trial.
 
 
 4
 According to Appellants, the declarations establish that CAC was solvent during relevant times and was not acting as a Ponzi scheme, and therefore, payments made to Appellants were made in the ordinary course of business and not to hinder, delay, or defraud CAC's creditors. The declarations, however, are conclusory and do not allege any specific facts which raises a genuine triable issue; the declarations simply request more time to respond to the motion for summary judgment. At best, one of the declarations contends that CAC was solvent during relevant periods because it had positive cash balances. However, as the bankruptcy court aptly put it, "assuming they have a positive cash balance in their accounts, that doesn't tell us anything about whether they are solvent on a net asset or even a cash flow basis." The bankruptcy court thus ruled:
 
 
 5
 [None] of [the declarations] contain evidentiary facts that are sufficient to establish the probability that you will be able to prove any facts and would entitle you to prevail on the motion for summary judgment. It seems to me that they--since they're not established as experts, they are not speaking of personal knowledge except to the extent that they're saying that they haven't completed their review, which is all that they'll be able to discuss at this time. And the fact that they haven't completed their review, even taking that as a given, is insufficient to establish that you have met the standards. I will grant the motion to strike the declarations.
 
 
 6
 Under the circumstances, the bankruptcy court did not abuse its discretion in striking the declarations.
 
 II.
 
 7
 Appellants next argue that the bankruptcy court abused its discretion in denying their Rule 56(f) motion to continue the summary judgment ruling pending further discovery. "A district court 'has wide latitude in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion.' " Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416-17 (9th Cir.1987) (quotation omitted). Appellants have the burden of establishing that further discovery would raise a triable issue of fact. Id. at 1416.
 
 
 8
 Appellants argue that eight months was not enough time to review 300,000 documents to oppose the motion for summary judgment, especially since Appellee took some three years reviewing the documents. At first blush this may seem unfair. However, upon further examination, any harm done was Appellants' own doing. The pretrial hearing regarding the summary judgment motion was set for February 19, 1991. This date was scheduled seven weeks in advance, and on February 6, the parties stipulated that discovery was complete and that they were ready for trial. The next day, on February 7, Appellants filed a Rule 56(f) motion for continuance. Thus, we agree with the bankruptcy court that Appellants were not surprised by what they faced and had simply failed to act in a timely manner.
 
 
 9
 Appellants also contend that their three declarations in support of a continuance indicate that further discovery would result in triable issues of fact. However, as stated above, the declarations contain no specific facts to support Appellants' contention and were properly struck from the record. After striking the declarations, the bankruptcy court ruled on Appellants' continuance motion:
 
 
 10
 I'm going to deny the motion for continuance. It does not appear to me to be well founded. It seems to me late and the lateness is unjustified. The request for more time is unreasonable in scope and does not carry with it any evidence that in fact allowing you more time will produce admissible evidence reasonably calculated to put any of the issues in controversy that are raised by the summary judgment motion.
 
 
 11
 The bankruptcy court reasonably concluded that Appellants "failed to make a sufficient showing that further discovery would raise a triable issue of fact." See Visa Int'l Serv. Ass'n v. Bankcard Holders of America, 784 F.2d 1472, 1475 (9th Cir.1986). There was no abuse of discretion.
 
 III.
 
 12
 Appellants also argue that the bankruptcy court erred in denying Appellants an opportunity to oppose substantively the motion for summary judgment after its Rule 56(f) motion was denied. This argument is frivolous. It was not raised below and is not properly before this court. White v. McGinnis, 903 F.2d 699, 700 n. 4 (9th Cir.) (en banc) (issues not raised before the district court are not considered on appeal), cert. denied, 498 U.S. 903 (1990). This error is compounded by the fact that Appellants did not seek leave to file an opposition to the summary judgment after their Rule 56(f) motion was denied.
 
 IV.
 
 13
 Because Appellants did not oppose the motion for summary judgment the only issue regarding the bankruptcy court's grant of summary judgment is whether the trustee's uncontroverted statement of facts established an absence of genuine disputed issues of material fact and that the trustee was entitled to a judgment as a matter of law. See Fed.R.Civ.P. 56(c).
 
 A.
 
 14
 As to Karren, the only judgment against her is the $2000.01 claim based on four checks made in connection with Note # 1011.[2] On appeal, Karren maintains that she did not receive any funds from CAC and therefore argues that the bankruptcy court improperly granted summary judgment against her. The trustee, on the other hand, argues that Karren is a transferee of such payments and, under 11 U.S.C. Sec. 550(a), he is entitled to recover the $2000.01 from Karren as an avoidable fraudulent transfer.
 
 
 15
 Karren has not argued below nor on appeal that she is not a transferee, and the record does not indicate otherwise. All four checks were made payable to Karren. Three of those checks were endorsed both by Karren and Lydia. It is unclear whether the fourth check was endorsed by Karren. Nonetheless, the fourth check contained Lydia's endorsement and there is nothing of record to show that Lydia, Karren's mother, lacked authority to act on Karren's behalf. Because Karren failed to oppose the motion for summary judgment and nothing shows that she lacked dominion over the money there is no genuine dispute that Karren is a transferee within the meaning of 11 U.S.C. Sec. 550. See In re Bullion Reserve of America, 922 F.2d 544, 549 (9th Cir.1991) (a transferee is someone who has "dominion over the money" or could use the money for one's own purposes).
 
 
 16
 Section 550(a)(1) provides that a trustee may recover the property transferred to a transferee if the transfer is avoidable under 11 U.S.C. Secs. 544 or 547. Based on the uncontroverted facts, the payments involving Karren were avoidable under Sec. 544(b) and California's Fraudulent Transfer Act.[3] However, the trustee may not recover from a transferee who takes "for value, ..., in good faith, and without knowledge of the voidability of the transfer avoided." Sec. 550(b)(1).
 
 
 17
 Karren argues that summary judgment against her was improper because there is no evidence that she received the payments in bad faith. This argument fails. Good faith is a defense and Karren had the burden of showing good faith. See Cal.Civ.Code Sec. 3439.08(a) (Legislative Committee Comment--Assembly 1987 Amendment) ("person who invokes this [good faith] defense carries the burden of establishing good faith"); In re Agric. Research and Technology Group, Inc., 916 F.2d 528, 535 (9th Cir.1990) (transferee bears the burden of showing good faith). Karren could have opposed the motion for summary judgment by stating she took in good faith. She did not do so and has not met her burden.
 
 
 18
 Karren also alleges that because she is not an "insider" the preference period under 11 U.S.C. Sec. 547 only encompasses the 90 days preceding the bankruptcy filing date. She further contends that the payments were made beyond the preference period, and therefore, the bankruptcy court erroneously granted summary judgment against her. This arguments misses the mark. The payments were avoided as fraudulent transfers under 11 U.S.C. Sec. 544(b) and Cal.Civ.Code Sec. 3439.04; not as preferential payments under 11 U.S.C. Sec. 547. Therefore, whether Karren is an insider is irrelevant.
 
 B.
 
 19
 Lydia, like Karren, argues that the bankruptcy court erroneously granted summary judgment against her because there was no showing of bad faith. As mentioned before, good faith is an affirmative defense which Lydia failed to raise. She did not oppose the summary judgment motion and did not allege in any way that she took the payments at issue in good faith.
 
 C.
 
 20
 Appellants also argue that there is a genuine dispute as to whether a Ponzi scheme existed. The trustee's uncontroverted facts filed in support of the motion for summary judgment forecloses this argument. The uncontroverted facts state that "[f]or the period 1982 through 1987 CAC paid investors, directly or through trustees under collateral trust agreements, approximately $56,677,000 but only received approximately $10,718,000 from its borrowers." It is further uncontroverted that "[t]he majority of the funds used during the period 1982 through 1987 by CAC to pay investors came from new funds CAC received from later investors." The uncontroverted facts thus conclude that "[f]rom at least 1982 (and at the time of all the transfers to Lydia and/or Karren), CAC was operating a Ponzi scheme."
 
 
 21
 Appellants also argue that the trustee should not be allowed to assert the existence of a Ponzi scheme as an uncontroverted fact because the issue is being litigated in federal and state courts, and therefore, the bankruptcy court should have stayed its proceedings. Besides the fact that Appellants never moved for a stay, the issue was not raised below and we do not consider it on appeal.
 
 
 22
 Based on the uncontroverted facts, the bankruptcy court properly granted summary judgment against Lydia and Karren, and the district court's affirmance was not in error.
 
 V.
 
 23
 Appellants also argue that the bankruptcy court abused its discretion by denying their motion to vacate without a hearing.[4] This argument is meritless. Appellants are not entitled to a hearing on its motion. See Local Bankr.R. for the C.D.Cal.R. 111(7)(a)(xiv) (motions may be decided without a hearing if appropriate). The bankruptcy court denied the motion because it did not "raise new issues that were not addressed at the [Rule 56(f) and Summary Judgment] hearing." The bankruptcy court did not abuse its discretion.
 
 VI.
 
 24
 Finally, pursuant to Fed.R.App.P. 38, the trustee has requested that Appellants and their counsel be sanctioned for raising frivolous arguments on appeal. We agree. Appellants improperly cite to the record and raise arguments on appeal for the first time. The trustee's request for sanctions in the sum of $1,620.00 is granted. Appellants and counsel are jointly and severally liable.
 
 
 25
 AFFIRMED.
 
 
 26
 BOOCHEVER, Circuit Judge, concurring.
 
 
 27
 The record indicates that Lydia Serna (Lydia) and Karren Serna (Karren) made loans to Commercial Acceptance Corporation (CAC). An initial loan was made in the amount of $40,000, and after repayment Lydia reloaned that sum with the exception that, at one point, she added $10,000. Thus, aside from the payment of interest, she rolled over a loan of $50,000 to the corporation. Because the payments of the loans were found to be fraudulent transfers she has been held liable for $148,000.
 
 
 28
 I believe there was ample evidence to indicate fraudulent transfers on the part of CAC in furtherance of a Ponzi scheme. My reading of the supporting documents to the motion for summary judgment indicates that a convincing argument could have been advanced that Lydia made her loans to the corporation in good faith and not for the purpose of furthering a Ponzi scheme. At least it would seem that a triable issue was presented. The transferee, however, has the burden of proving good faith. In re Agricultural Research and Technology Group, 916 F.2d 528, 535 (9th Cir.1990). The failure to raise an affirmative defense in opposition to a motion for summary judgment constitutes an abandonment of the defense. UMWA 1974 Pension v. Pittston Co., 984 F.2d 469, 478 (D.C.Cir.), cert. denied, 113 S.Ct. 3039 (1993). For this reason, I concur in the memorandum disposition. I, of course, am not in possession of all the facts concerning the failure to raise the good faith defense, and therefore cannot comment on whether Lydia and Karren have a viable malpractice cause of action against counsel.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not approve of Appellants' use of the appellate record. Appellants attempt to overcome the uncontroverted facts by placing a proposed opposition to the summary judgment motion and a declaration of Lydia Gray, a.k.a., Lydia Serna in the appellate record and then citing to them in their opening brief. However, those documents were only attachments to Appellants' motion to vacate and we do not consider them except in the context of reviewing the denial of the motion to vacate. Appellants use the same tactic with regard to three stricken declarations. Because the declarations were stricken we consider them only in the context of reviewing whether they were improperly stricken
 
 
 [2]
 The bankruptcy court ruled that Lydia and Karren were jointly and severally liable for the $2000.01
 
 
 [3]
 Section 544(b), 11 U.S.C. provides that a trustee "may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim." There is no dispute that California's Uniform Fraudulent Transfer Act, Cal.Civ.Code Sec. 3439, applies in this instance. Under Sec. 3439.04, a transfer is fraudulent if made "[w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." Here, it is uncontroverted that the transfers at issue occurred when CAC was operating a Ponzi scheme. And because the mere existence of a Ponzi scheme is evidence that the debtor intended to "hinder, delay, or defraud its creditors," In re Agric. Research and Technology Group, Inc., 916 F.2d 528, 535 (9th Cir.1990), such transfers were avoidable under California's Uniform Fraudulent Transfers Act
 
 
 [4]
 Because the motion to vacate was filed before the judgment was entered the bankruptcy court construed the motion as a motion for reconsideration of its summary judgment order