**Steven KASSEL, an individual, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 07–16355.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2009.

Filed March 12, 2009.

Mark C. Watson, Law Offices of Mark C. Watson, Burlingame, CA, for Plaintiff–Appellant.

Jacqueline C. Brown, Curtis C. Pett, United States Department of Justice, Washington, DC, for Defendant–Appellee.

Before: NOONAN, THOMPSON, and NR SMITH, Circuit Judges.

## MEMORANDUM *

The appellant Kassel brought an action against the government seeking a refund of the penalty assessed against him for violation of Internal Revenue Code ("I.R.C.") § 6700. Kassel sought either a refund of all money he paid towards a penalty the I.R.S. imposed upon him for violating I.R.C. § 6700, or a reduction of the penalty and a refund of all the money he paid in excess of the reduced penalty. After a bench trial, the district court entered judgment in favor of the government. Kassel appeals, contending the district court (1) improperly denied him a jury trial, (2) admitted improper abusive tax shelter evidence, (3) allowed expert testimony from an undesignated expert, (4) admitted improper documents, and (5) admitted an undisclosed damage calculation. Having considered these contentions, we affirm the district court.

■ Kassel waived his right to a jury trial. Although he initially demanded a jury trial, the district court issued a minute order setting a bench trial over seven months in advance. At no point during that seven-month period did Kassel object to a bench trial. He then participated in the bench trial without objection. Accordingly, he waived his right to a jury trial.

*White v. McGinnis*, 903 F.2d 699 (9th Cir. 1990) (*en banc*).

■ The district court did not improperly admit abusive tax shelter evidence. I.R.C. § 6700 imposes a civil penalty on any person who participates, directly or indirectly, in the sale of (1) any interest in "a partnership or other entity," (2) any "investment plan or arrangement" or (3) "any other plan or arrangement," if, in connection with such sale, he makes or furnishes, or causes another person to make or furnish, a statement concerning available tax benefits he "knows or has reason to know is false or fraudulent as to any material matter." I.R.C. § 6700(a). The system promoted by Kassel was designed to reduce customers' claimed tax liabilities by taking various deductions related to the operation of a home-based business. Although Kassel did not advocate any unlawful tax shelters, evidence regarding the nature of the tax system he promoted was properly admitted. *See* I.R.C. § 6700.

■ The district court improperly allowed expert testimony from a revenue officer during the trial, but that error was harmless. The revenue officer was designated as a percipient witness and properly testified about his investigation of Kassel's activities. He also testified, however, as to the legality of home-based business deductions. His testimony in this regard was as an expert witness, rather than a percipient witness, and the testimony should have been excluded. Fed.R.Evid. 701, 702. But, even though the testimony should have been excluded, its admission was harmless as there was no jury which could have been misled. This evidence was not prejudicial, and we will reverse only for

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prejudicial error. 28 U.S.C. § 2111; Fed. R.Civ.P. 61; *Obrey v. Johnson*, 400 F.3d 691, 701–702 (9th Cir.2005).

■ Kassel waived his relevance objection to the government's exhibits because he did not object to the exhibits on the ground of relevance when they were admitted. Fed.R.Evid. 103(a)(1). Aside from that waiver, Kassel's relevance argument is meritless because the subject documents pertain to the nature of the tax system Kassel promoted.

■ Kassel also waived his objection to the government's exhibits on authenticity grounds. Although Kassel's counsel initially objected to the documents for lack of authentication, the district court instructed counsel to object, if at all, after hearing Kassel's testimony regarding the source of the documents. No authenticity objection was subsequently made and the objection was waived. Fed.R.Evid. 103(a)(1). Even without the waiver, Kassel could demonstrate no error. Kassel testified that he gave the exhibits to the revenue officer during the investigation and the revenue officer testified to the same. At Kassel's deposition, he authenticated each of the documents and admitted that he provided them to the revenue officer.

■■ Kassel waived his best evidence objection by failing to raise it when the exhibits were admitted. Fed.R.Evid. 103(a)(1). Without the waiver, the argument is still meritless because a duplicate copy is admissible unless a genuine question regarding authenticity is raised or the circumstances make its admission unfair. Fed.R.Evid. 1003. Kassel offered only an unsupported assertion of disbelief as to the authenticity of the documents and offered nothing that would create a belief they were not identical to the originals.

■ Kassel also waived his hearsay objection because he failed to raise it when the documents were admitted. Fed. R.Evid. 103(a)(1). The argument is meritless in any event, because the exhibits were materials from the tax system promoted by Kassel which were introduced as evidence of the nature of the system, not to prove the truth of any matters asserted. *See* Fed.R.Evid. 801(c).

The district court properly admitted evidence regarding the challenged penalty. Kassel was subject to a maximum $1,000.00 penalty for each time he participated directly or indirectly in the sale of the system he promoted, unless he proved that the amount he earned as a result of his participation was less than the total penalty. I.R.C. § 6700(a)(2)(B). It is undisputed that Kassel earned $29,633.00 promoting the system. The I.R.S. therefore assessed a $29,633.00 penalty against him. The district court found he directly or indirectly participated in at least thirty sales of the tax system.

■ There is no merit to Kassel's argument that he cannot properly be held liable for a penalty that was not disclosed as "damages." Rule 26 of the Federal Rules of Civil Procedure requires disclosure of the computation of damages claimed by a party but such damage calculations have no relation to the assessment of a tax penalty. *See* Fed.R.Civ.P. 26(a)(1)(C). There is no merit to Kassel's alternative argument that his liability should be limited to $2,000.00 based on the fact that he made only two direct sales of the system, because the maximum $1,000.00 penalty applies to each sale, direct or indirect. I.R.C. § 6700(a).

**AFFIRMED.**