**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAJIME SORAYAMA, an individual, | No. 07-56487 |
| Plaintiff - Appellee, | D.C. No. CV-05-01431-FMC |
| v. | |
| ROBERT BANE LTD INC, a California corporation; ROBERT S. BANE, an individual; TAMERA BANE GALLERY, a business of unknown type; EXOTICA, a business of unknown type, | MEMORANDUM [*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Central District of California
Florence-Marie Cooper, District Judge, Presiding

Argued and Submitted February 3, 2010
Pasadena, California

Before: SCHROEDER, FISHER and N.R. SMITH, Circuit Judges.

Robert Bane Ltd., Inc., Robert S. Bane, Tamera Bane Gallery, and Exotica

(collectively "Bane") appeal the district court's judgment, following a bench trial,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

in favor of plaintiff Hajime Sorayama, an international artist who originally contracted with Bane, a fine art publisher, in 1994.

As a preliminary matter, we grant the parties' motions to take judicial notice of bankruptcy proceedings involving Bane, and therefore hold that because the petition has been dismissed, Bane has standing to maintain this appeal.

Bane's initial argument on appeal is that the district court deprived defendants of their right to a jury trial, relying upon our recent decision in *Solis v. County of Los Angeles*, 514 F.3d 946, 955 (9th Cir. 2008). Here, however, Bane is not in a position to contest the district court's reliance on a local rule. Bane did not oppose the plaintiff's motion to strike the jury demand, or present any authority to the district court contesting the district court's ruling. Nor did Bane participate in the lengthy bench trial under protest or ever note any standing objection. Bane's contention that he was wrongfully deprived of a jury trial, now that he has lost, has been waived. *See White v. McGinnis*, 903 F.2d 699, 703 (9th Cir. 1990) (en banc).

More meritorious is Bane's contention that we should remand for further proceedings with respect to punitive damages. Under California law, imposition of punitive damages requires consideration of the defendants' net worth. *See Robert L. Cloud & Assocs. v. Mikesell*, 82 Cal. Rptr. 2d 143, 149 (Cal. Ct. App. 1999);

*Kenly v. Ukegawa*, 19 Cal. Rptr. 2d 771, 775–77 (Cal. Ct. App. 1993). The district judge clearly intended to hold a hearing on punitive damages, but did not do so. This was error. We therefore must vacate the award of punitive damages and remand for a hearing to determine defendants' net worth.

Defendants finally raise a series of challenges to the district court's compensatory damages awards for the torts of conversion, breach of fiduciary duty, and intentional interference with prospective economic advantage. We find only two instances of reversible error.

First, the district court erred in awarding damages for intentional interference with prospective economic advantage. Under California law, to establish liability for this tort, a plaintiff must prove that the defendant engaged in an "independently wrongful act." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 953 (Cal. 2003). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.* at 954. The district court failed to identify any legal standard that Bane violated when it found that Bane reduced the benefit of the bargain given to Sorayama. Sorayama argues on appeal that Bane committed fraud-in-the-inducement, but supplies no legal authority to show that what Bane did here fits California's legal definition of that separate tort. The

3

award for intentional interference with prospective economic advantage must therefore be reversed.

Second, the district court erred in awarding damages for both breach of contract and the torts of conversion and breach of fiduciary duty. All three claims rested on Bane's course of conduct surrounding 33 original paintings that Sorayama had given to Bane to sell on consignment under the terms of their 1999 agreement. Bane is correct in asserting that by awarding damages for both breach of contract and tort theories the judgment contains the potential for double recovery, as Sorayama is not entitled to recover twice for the same harm. *See Rogers v. Davis*, 34 Cal. Rptr. 2d 716, 719 (Cal. Ct. App. 1994) (plaintiff may request alternative remedies, "but may not be awarded both to the extent such an award would constitute a double recovery"). We therefore vacate the awards for breach of contract, conversion, and breach of fiduciary duty, and remand for the district court to adjust the awards to the extent that Sorayama's tort and contract recoveries may be duplicative. The district court's awards of damages on these three claims are not otherwise clearly erroneous.

Accordingly, we therefore reverse and remand for the district court to adjust the awards of punitive and compensatory damages in accordance with this disposition. The judgment is otherwise affirmed.

4

**REVERSED** in part, **AFFIRMED** in part, and **REMANDED**.

The parties shall bear their own costs.