**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS TAPIA-FIERRO, AKA Jose Tapia, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> LEON N. WILMOT, Yuma County Sheriff, <br><br> Defendant-Appellee. | No.   21-15782 <br><br> D.C. No. 2:19-cv-03096-JAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Jose Luis Tapia-Fierro appeals pro se from the district court's judgment

entered after a bench trial in his 42 U.S.C. § 1983 action alleging that he was

wrongfully detained.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

Tapia-Fierro's challenge to the district court's probable cause determination

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

is unreviewable because Tapia-Fierro has failed to provide this court with a trial transcript. *See* Fed. R. App. P. 10(b); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (when an appellant fails to provide a transcript of the district court proceeding this court may dismiss the appeal or refuse to consider the appellant's argument).

The district court did not err in holding a bench trial because Tapia-Fierro did not make a demand for a jury trial in compliance with Federal Rule of Civil Procedure 38, and the record provided does not indicate that Tapia-Fierro moved to reconsider the district court's order setting the matter for a bench trial or objected at trial. *See Cal. Scents v. Surco Products, Inc.*, 406 F.3d 1102, 1105 (9th Cir. 2005) (standard of review); *White v. McGinnis*, 903 F.2d 699, 703 (9th Cir. 1990) (en banc) (knowing participation in a bench trial without objection is sufficient to constitute a jury waiver).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

Tapia-Fierro's motion for appointment of counsel (Docket Entry No. 2) is denied.

**AFFIRMED.**